UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FILED

2010 OCT -6 P 3: 21

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

JAMAAL DAVID GAINES,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Case Nos.:  3:06-cr-61-J-20MCR
                3:10-cv-308-J-20MCR

## ORDER

Before this Court is Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 1, filed April 12, 2010), the United States' Response (Doc. 9, filed May 25, 2010), Petitioner's Reply to the United States' Response (Doc. 10, filed June 3, 2010), the United States' Notice of Supplemental Authority (Doc. 11, filed September 8, 2010), Petitioner's Response to the United States' Notice (Doc. 13, filed September 16, 2010), and Petitioner's Second Response to the United States' Notice (Doc. 14, filed September 17, 2010). This Court has reviewed the documents before it and determined the following.

In April 2006, Petitioner entered a guilty plea to possession of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). On October 24, 2006, Petitioner was sentenced to 188 months imprisonment. Petitioner failed to file a direct appeal. Now, nearly three and a half years later, Petitioner files this *pro se* motion pursuant to 28 U.S.C. § 2255. Petitioner argues

two grounds in support of his § 2255 Motion: 1) Resisting Arrest with Violence is not a crime of violence in light of the Supreme Court's decision in *Johnson v. United States*, 130 S. Ct. 1265, ___ U.S. ___ (2010); and 2) his sentence violates the Due Process Clause of the Fifth Amendment because he no longer has the necessary predicate convictions.

28 U.S.C. § 2255(f) imposes a one-year limitation period on prisoner actions brought pursuant to the section. The statute provides that the limitation period shall run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.*

Petitioner claims that his prior conviction for resisting arrest with violence under Fla. Stat. § 843.01 is no longer a proper predicate conviction qualifying him for sentencing as a career offender under the United States Sentencing Guidelines ("USSG") § 4B1.1. He argues that, as a result of *Johnson*, he is actually innocent of the career offender enhancement and the statute of limitations under § 2255(f) has been tolled.

To the extent Defendant is actually innocent of being a career offender, the statute of limitations may be tolled in certain circumstances. *See Gilbert v. United States*, 609 F.3d 1159,

1167 (11th Cir. 2010); *Scott v. United States*, No. 09-14179-CIV, 2010 WL 3659478, at *10 (S.D. Fla. Sept. 15, 2010); *Brown v. United States*, Nos. CV409-070, CR404-111, 2010 WL 3656017, at *1-2 (S.D. Ga. Sept. 15, 2010). Additionally, in light of *Gilbert*, *Johnson* may potentially be construed as a retroactive Supreme Court decision announcing a new substantive rule for purposes of applying § 2255(f)(3). *See Lamar v. United States*, Nos. 8:10-cv-01481-T-24-MAP, 8:06-cr-00199, 2010 WL 3259500, at *4-5 (M.D. Fla. Aug. 18, 2010). However, even assuming Petitioner's motion is timely, the motion still fails.

Under U.S.S.G. § 4B1.1, a defendant qualifies as a career offender if he has "at least two prior felony convictions of either a crime of violence or a controlled substance offense." A "crime of violence" is defined as any offense under federal or state law, punishable by a term of imprisonment exceeding one year, that:

> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(a)(1)-(2).

18 U.S.C. § 924(e), on the other hand, provides a statutory minimum mandatory sentence for individuals who possess firearms after having been convicted of three or more qualifying felonies in the categories of 1) a serious drug offense or 2) a violent felony. The terms "violent felony" and "crime of violence" are given almost identical definitions, and therefore, have been given the same interpretation. *See United States v. Harris*, 608 F.3d 1222, 1229, 1232 (11th Cir. 2010); *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008); *Scott*, 2010 WL 3659478,

at *2 n.4.

*Johnson* did not remove the offense of "resisting arrest with violence" from § 924(e)(2)(B) or U.S.S.G. § 4B1.2(a). The Supreme Court merely held that the defendant's prior conviction for simple battery under Florida law was not a "violent felony" for purposes of the Armed Career Criminal Act ("ACCA"). 130 S. Ct. at 1274. Moreover, the Eleventh Circuit has interpreted Florida Statute § 843.01 as a crime of violence within the meaning of U.S.S.G. § 4B1.2(a)(1) subsequent to the Court's ruling. *See United States v. Beltran*, 367 F. App'x 984, 991 (11th Cir. 2010) (per curiam). It has also concluded that one who commits the crime of resisting arrest with violence has committed a violent felony for purposes of § 924(e)(2)(B), the residual clause of the ACCA. *United States v. Hayes*, No. 09-12024, 2010 WL 3489973, at *2 (11th Cir. Sept. 8, 2010) (per curiam); *United States v. Jackson*, 355 F. App'x 297, 298-99 (11th Cir. 2009) (per curiam). Therefore, Petitioner was not improperly sentenced as a career offender and his claims for relief are due to be denied.

Accordingly, it is **ORDERED** and **ADJUDGED**:

1. Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 1, filed April 12, 2010) is **DENIED**.

2. The Clerk is directed to terminate all pending motions and **CLOSE** the file.

**DONE AND ENTERED** in Jacksonville, Florida, this 6*th* day of October, 2010.

HARVEY E. SCHLESINGER
United States District Judge

Copies to:

Jaamal David Gaines, *Pro Se*
Arnold B. Corsmeier, AUSA